# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2618-18T1

STATE OF NEW JERSEY,

    Plaintiff-Appellant,

v.

JOHN JACOBS,

    Defendant-Respondent.

_____

Argued July 9, 2019 – Decided  October 30, 2019

Before Judges Nugent and Accurso.

On appeal from the Superior Court of New Jersey,
Law Division, Mercer County, Indictment No.
16-08-0707.

Randolph E. Mershon, III, Assistant Prosecutor,
argued the cause for appellant (Angelo J. Onofri,
Mercer County Prosecutor, attorney; Randolph E.
Mershon, III, on the brief).

Douglas R. Helman, Assistant Deputy Public
Defender, argued the cause for respondent (Joseph E.
Krakora, Public Defender, attorney; Douglas R.
Helman, of counsel and on the brief).

PER CURIAM

The State appeals on leave granted from a pretrial discovery order, entered after in camera review, directing it to turn over six items from an unrelated case file that the trial judge deemed discoverable and specifically relevant to testimony the State sought from a cooperating witness pursuant to N.J.R.E. 404(b). Finding no abuse of discretion, we affirm.

Given the stage of the proceedings, the facts are sketchy. Here is what we know. Defendant John Jacobs was indicted for assaulting his girlfriend. While detained in the Mercer County jail, he allegedly approached a fellow inmate about having the victim killed to avoid her testifying. That inmate, now a cooperating witness, reported the conversation to the prosecutor's office and provided investigators with a map of the victim's home and the security code for her alarm system. Before the prosecutor's office could arrange to introduce an undercover agent into the jail to investigate, defendant allegedly changed his mind, suspecting the cooperating witness was a "snitch."

The State made a pretrial motion under N.J.R.E. 404(b) to admit evidence from the cooperating witness that defendant had solicited him to kill defendant's girlfriend, alleging it demonstrated consciousness of guilt. As a result of that motion, defendant learned the cooperating witness claimed

A-2618-18T1

another pretrial detainee, held on charges of assaulting his wife, had also solicited the cooperating witness to kill that victim in order to prevent her from testifying. The cooperating witness described both solicitations in the same recorded statements to the prosecutor's office.

Defendant responded with a motion for the State to produce "all reports, statements, plea papers, cooperation agreements, the cooperating witness's criminal history and any other discovery from the State regarding the cooperating witness," asserting it was "relevant and material" to his credibility and to the court's decision on the Rule 404(b) motion. Defendant argued "[t]he fact that the cooperating witness is or has cooperated in other matters to obtain a benefit, and offered the same or similar allegations [against] other [d]efendants goes directly to the credibility of this State's witness and can be used for impeachment purposes."

The State opposed the motion, arguing defendant was only entitled under Rule 3:13-3 and State v. Hernandez, 225 N.J. 451 (2016), to the discovery materials it had already turned over pursuant to protective order; that is, the identity of the cooperating witness, his criminal history, including his twenty-six prior judgments of conviction, the two recorded statements he made to the prosecutor's office redacted to exclude the witness's references to the unrelated

3

case, the fact that the witness was released from jail after making those statements, and the State's representation that it had no cooperation agreement with the cooperating witness and was not aware of any materially false statements made by the witness.

While continuing to oppose the motion, the State, nevertheless, provided the court with twenty-two items from the unrelated case for in camera review. Following that review, the trial court deemed six of the twenty-two items relevant to the evidence the State was seeking to introduce in defendant's case through the cooperating witness under N.J.R.E. 404(b), and ordered those documents produced. Specifically, the court ordered the State to produce the indictment in the unrelated case, two investigation reports, two paragraphs of the affidavit for wiretap to obtain jail recordings of the defendant in the unrelated case, and the unredacted recordings of the cooperating witness's two statements to the prosecutor's office.

In explaining his reasons, the judge noted New Jersey's commitment to broad discovery in criminal cases in service of the goals of fair trials and the search for truth reflected in the court rules, see State ex rel A.B., 219 N.J. 542, 555 (2014), and the trial court's inherent power to order discovery beyond that provided in the rules when necessary to permit the accused to mount an

effective defense, State ex rel W.C., 85 N.J. 218, 221-22 (1981). Relying on the State's obligation to disclose "material evidence affecting [the] credibility" of a State's witness, when that witness's credibility "may well be determinative of guilt or innocence," State v. Carter, 69 N.J. 420, 433 (1976), the court found "the strikingly similar facts" of these two solicitations the cooperating witness relayed to the prosecutor's office was "certainly relevant to the credibility of the State's confidential witness and to Mr. Jacobs' defense" under Hernandez.[1] The court subsequently denied the State's motion for reconsideration but stayed its order to permit this appeal.

We generally accord substantial deference to discovery orders of the trial court, reviewing them only for abuse of discretion. Hernandez, 225 N.J. at 461. The State argues the trial court sanctioned a fishing expedition by defendant in ordering production of "irrelevant documents in an unrelated case" based solely on the "'strikingly similar facts' and charges." It contends

---

[1] In distinguishing Hernandez, the State notes the trial court erred in stating the identity of the cooperating witness was not disclosed to the defense in that case as it was here. We acknowledge the error, but note what we believe to have been the court's larger point, that is, in Hernandez, the State had concerns over the safety of the cooperating witness whose identity had not been disclosed in all the unrelated investigations in which he participated because some of those investigations did not result in charges and others were resolved without trials. The State has not asserted any specific risks to the cooperating witness here arising from his assistance in these two matters.

the order is directly contrary to the holding in <u>Hernandez</u>, and if allowed to stand will make any case in which a cooperating witness or confidential informant has provided information to the State "with 'strikingly similar facts' and charges that stem from the witness's cooperation" discoverable to the defense. We disagree.

The State's argument ignores the critical distinction between this case and <u>Hernandez</u>. In <u>Hernandez</u>, the trial court reviewed the requested documents in camera and "concluded that the information produced was not relevant or admissible in [the] defendants' case," but ordered it produced anyway. <u>Id.</u> at 457. Here, after reviewing twenty-two documents in camera, the court determined that six were relevant to defendant's case, and specifically relevant to the State's effort to admit the testimony of the cooperating witness under N.J.R.E. 404(b) as evidence of defendant's consciousness of guilt. The court did not order production of any item it deemed irrelevant.[2] We thus

_____

[2] Despite having been granted permission in the order for leave to appeal to file the discovery materials the motion court reviewed in camera in a separate confidential appendix, the State has not provided us any of those documents. We take that to mean the State is not seeking our review of the trial court's determination that the six documents ordered produced are relevant to defendant's case, which we obviously could not do without reviewing the documents. <u>See</u> <u>Noren v. Heartland Payment Sys.</u>, 448 N.J. Super. 486, 500 (App. Div. 2017) (dismissing a cross-appeal based on the failure to submit the

(continued)

A-2618-18T1

reject the State's argument that the trial court has permitted defendant to "rummag[e] through irrelevant documents" in unrelated cases contrary to Hernandez.  Id. at 463.

We also reject the argument that allowing this order to stand will make any case in which a confidential informant has provided information to the State with "'strikingly similar' facts and charges that stem from the witness's cooperation" discoverable.  The State's case here is not based on a cooperating witness who made controlled drug buys in a number of criminal investigations resulting in similar charges against different defendants based on "strikingly similar" transactions.  The cooperating witness in this case was a pretrial detainee in the Mercer County jail who was released after telling prosecutors that two fellow detainees, each charged with aggravated assault against an intimate partner, solicited him to kill their respective partners to prevent them from testifying.

As the trial court explained, besides the charges each defendant was facing, the "strikingly similar facts" here included "the circumstances of the

_____

(continued)
evidence reviewed by the trial court), certif. granted on other grounds, 230 N.J. 499 (2017), fee award vacated and remanded, 2019 N.J. LEXIS 7 (Jan. 12, 2018).

[cooperating witness] engaging with each defendant, and the alleged services that the [cooperating witness] was to provide to each of them, including the alleged method of attack." Besides the coincidence of two fellow detainees seeking out the same cooperating witness in death by hire plots, the trial court found "[e]ven more relevant," that the cooperating witness "was speaking with these defendants at the same time, in the same facility, and relaying information to detectives in the same interview."

Given the unusual factual scenario, we seriously doubt this order strikes at the heartland of cases involving confidential informants. We are satisfied the trial judge viewed this case on its own facts, determining the limited documents he ordered produced from the unrelated case file were "relevant to the credibility of the State's confidential witness and to Mr. Jacobs' defense,"[3] and thus appropriately discoverable in the interest of justice. See <u>A.B.</u>, 219 N.J. at 555. We find no abuse of discretion.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

---

[3] Because the State has not submitted the contested documents on appeal or made any specific argument as to their relevancy, we have no occasion to consider how they could be used to impeach the cooperating witnesses' testimony under N.J.R.E. 405 and N.J.R.E. 608, including proposed changes to the latter scheduled to go into effect next year, <u>Notice to the Bar, Adoption of Amendments to the New Jersey Rules of Evidence</u> (Sept. 16, 2018), and <u>State v. Scott</u>, 229 N.J. 469 (2017).